UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CHRISTENSON and
CHRISTENSON LAW TRUST,

        Plaintiffs,

vs.

Case No. 18-cv-11152
HON. GEORGE CARAM STEEH

JAMES OSTERHOUT and
CITY OF ROSEVILLE,

        Defendants.
_____/

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, AND REQUEST FOR SANCTIONS (DOC. 10) AND ENJOINING PLAINTIFFS FROM FILING FURTHER MOTIONS, REQUESTS AND LAWSUITS WITHOUT LEAVE OF COURT

Plaintiffs James Christenson and the Christenson Law Trust first sued defendants James Osterhout and the City of Roseville on December 23, 2015. *See* (Doc. 1) in *Christenson v. City of Roseville*, 15-cv-14441, (E.D. Mich.). The Court granted the defendants' motion to dismiss the case. *Christenson v. City of Roseville*, No. 15-14441, 2017 WL 345670 (E.D. Mich. Jan. 24, 2017). Plaintiffs filed five post-judgment motions arguing the same issues that the Court addressed in dismissing their case. The Court ultimately enjoined plaintiffs and restrained them from filing any new

motions or requests in the case without initially obtaining leave of the Court. (Doc. 50) in *Christenson*, 15-cv-14441. Plaintiffs thereafter filed a motion raising the same arguments, (Doc. 51) in *Christenson*, 15-cv-14441, which was struck by the Court on January 4, 2018, (Doc. 52) in *Christenson*, 15-cv-14441).

On April 11, 2018, plaintiffs filed the instant lawsuit raising the same claims that the Court previously dismissed in their 2015 case. (Doc. 1). The case was assigned to the Honorable David M. Lawson and reassigned to the Honorable George Caram Steeh III as a companion to case number 15-cv-14441. (Doc. 9). Defendants filed a joint motion seeking dismissal, summary judgment, and sanctions on May 2, 2018. (Doc. 10). The Court set a briefing schedule on May 16, 2018. (Doc. 12). Plaintiffs' response brief was due by May 29, 2018.

Plaintiffs never filed a response brief in opposition to defendants' motion. "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 382 (6th Cir. 1989) (table). The Court therefore GRANTS defendants' motion. Judgment shall be entered for defendants and the case shall be dismissed with prejudice.

Federal Rule of Civil Procedure 11(c) addresses sanctions regarding violations of Rule 11(b). A motion for sanctions must be made separately from any other motion . . . ." Fed. R. Civ. P. 11(c)(2). Defendants did not file a separate motion, but rather included a request for sanctions in their joint motion for dismissal or summary judgment. (Doc. 10). As such, the Court cannot order sanctions at this time. The Court shall, however, provide defendants seven days from the date of this order to file a motion for sanctions that compiles with Rule 11(c)(2).

The Court shall also enjoin the plaintiffs to prevent them from further abusing the legal process. Pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court may enjoin a party from filing suits attempting to reopen or relitigate closed cases. *Spencer v. Sloane*, 785 F.3d 310, at *3 (6th Cir. 1986) (table). "This power extends to enjoining further filings in support of frivolous and vexatious claims." *Id.* Following the Court's order dismissing plaintiff's 2015 case, plaintiffs filed six post judgment motions in case number 15-cv-14441 and the instant lawsuit. The Court must protect its jurisdiction from vexatious litigants abusing the judicial process. Therefore, plaintiffs are hereby PRECLUDED AND RESTRAINED from filing any new

motions or requests in this case without initially obtaining leave of this Court.[1]

To obtain leave to file a motion or request, plaintiffs must initially comply with all of the following requirements:

1. They must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed motion or request; and

2. As an exhibit to that motion, they must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the document they wish to present is a new issue which has never been raised by them in court.

Failure to comply with these terms may itself be grounds for denying any motion for leave to file. Compliance with these terms does not, of itself, constitute grounds for granting leave to file.

Plaintiffs are further PRECLUDED AND RESTRAINED from filing any new lawsuits in the United States District Court for the Eastern District of Michigan that seek to relitigate the same facts, issues, and arguments raised in case number 15-14441 without initially obtaining leave of this Court.

---

[1] Plaintiffs continue to be enjoined from filing any new motions or requests in case number 15-14441 per the Court's December 14, 2017 order in that case. (Doc. 50) in *Christenson*, 15-cv-14441.

To obtain leave to file a new lawsuit, plaintiffs must initially comply with all of the following requirements:

1. They must file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint;
2. As an exhibit to that motion, he must attach a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim he wishes to present is a new issue which has never been raised by him in court;
3. By means of a second exhibit, he must identify and list the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file;
4. As a third exhibit, he must provide a copy of each such complaint and a certified record of its disposition. He must serve a copy of this order on each defendant if and when leave to serve is granted.
5. As a fourth exhibit, he must append this order.

Failure to comply with these terms may itself be grounds for denying any motion for leave to file a complaint. Compliance with these

terms does not, of itself, constitute grounds for granting leave to file a complaint.

IT IS SO ORDERED.

Dated: June 21, 2018

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 18, 2018, by electronic and/or ordinary mail and also on
James Christenson, 22014 Fresard,
St. Clair Shores, MI 48080.

s/Barbara Radke
Deputy Clerk